UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CASHEDGE, INC, <br><br> Plaintiff <br><br> v. <br><br> YODLEE, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C. A. No. 06-170-JJF <br> ) <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF'S AMENDED ANSWER TO DEFENDANT'S COUNTERCLAIM FOR DECLARATORY JUDGMENT

Plaintiff CashEdge, Inc. ("CashEdge") in response to the counterclaims raised in Defendant's Answer to Plaintiff's Complaint, filed on April 4, 2006, states as follows: by and through its attorneys, alleges as and for its complaint against Defendant Yodlee, Inc. ("Yodlee") as follows:

### COUNTERCLAIM FOR DECLARATORY JUDGMENT

### THE PARTIES

25. CashEdge admits that Yodlee is a corporation organized and existing under the laws of the State of Delaware. CashEdge is without sufficient knowledge to confirm the remaining averment in paragraph 25 and therefore denies the same.

26. Admitted.

### JURISDICTION AND VENUE

27. Admitted.

28. Admitted.

29. Admitted.

30. CashEdge admits that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). CashEdge denies the remaining allegations in paragraph 30

31. Admitted.

## DECLARATORY JUDGMENT CLAIM

32. Denied as to the allegations set forth in paragraphs 14-24. As to paragraphs 25-31, CashEdge incorporates by reference its responses as set forth above.

33. Admitted.

34. Denied.

35. Denied.

36. Denied.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CashEdge prays for judgment and relief as follows:

A. Dismiss with prejudice Yodlee's counterclaims for declaratory judgment.

B. Declare that Yodlee has infringed the '310 patent.

C. Declare that the '310 patent is valid and enforceable

D. Award CashEdge damages for infringement.

E. Declare that Yodlee, its agents, servants, employees, attorneys, representatives, and all others acting on its behalf and all those persons in active concert or participation with it are preliminarily and permanently enjoined from infringing the '310 patent.

F. Declare this an exceptional case under 35 U.S.C. § 285 and awarding CashEdge its costs, expenses and attorneys fees in this action; and

G. Award CashEdge such further relief as this Court may deem proper.

Dated: April 24, 2006

CONNOLLY BOVE LODGE & HUTZ LLP

_____
Arthur G. Connolly, III (No. 2667)
The Nemours Building
1007 North Orange Street
Wilmington, Delaware 19899-2207
(302) 658-9141

Attorneys for Plaintiff

OF COUNSEL:

Drew M. Wintringham, III
Mark W. Rueh
CLIFFORD CHANCE US
31 West 52nd Street
New York, New York 10019 6131
(212) 878-8000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 24, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following counsel of record:

William J. Marsden, Jr., Esq.
Kyle Wagner Compton, Esq.
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19899

I FURTHER CERTIFY that on April 24, 2006 a copy of the foregoing document was served upon the following counsel in the manner indicated:

<u>By Federal Express</u>:
David M. Barkan, Esq.
Craig R. Compton, Esq.
Fish & Richardson, P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063


/s/Arthur G. Connolly, III
Arthur G. Connolly, III (#2667)

#460674_1