# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

**BY ELECTRONIC FILING**

July 11, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
for the District of Delaware
844 King Street
Wilmington, DE  19801

Re:    *CashEdge, Inc. v. Yodlee, Inc.*
       USDC-D. Del. - C.A. No. 06-170-JJF

Dear Judge Farnan:

I write on behalf of the defendant, Yodlee, Inc., in anticipation of the commencement of discovery in this case, to request that Yodlee's pending motion to transfer be decided before discovery begins.

This action was filed on March 14, 2006.[1]  On May 4, 2006, Yodlee filed a motion to transfer this case to the Northern District of California (D.I. 12), where an earlier-filed, related action is pending between these same parties, involving the same technologies and products that are at issue here.  As set forth more fully in Yodlee's briefing on that motion, judicial economy, and therefore the interests of justice will best be served by transferring this case.  Judge Ilston of the Northern District has already devoted a substantial amount of time learning the technology at issue, as evidenced by her Markman ruling construing the terms of nine related patents, which issued last Friday, July 7, 2006.[2]

Yodlee's motion to transfer is fully briefed,[3] and Yodlee has requested oral argument on the motion (D.I. 24).  The parties exchanged initial disclosures on June 30, 2006, in accordance with the Court's Scheduling Order (D.I. 15), but the parties have not yet served any discovery in Delaware.  Under *McDonnell Douglas Corp. v. Polin,* 429 F.2d 30 (3d Cir. 1970), the pending motion to

---

[1]    On April 4, 2006, Yodlee filed its Answer and Counterclaim (D.I. 5).
[2]    A trial date for the Northern District action has now been set for September 17, 2007.
[3]    Plaintiff CashEdge, Inc. filed its Answering Brief in opposition to Yodlee's motion on May 24, 2006 (D.I. 19).  Yodlee filed its Reply Brief on June 5, 2006 (D.I. 22).

F ISH & R ICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
July 11, 2006
Page 2

transfer should be decided before the parties are permitted to engage in merits discovery.

Specifically, in *McDonnell Douglas*, the Third Circuit Court of Appeals directed the district court to decide a pending motion to transfer before permitting the parties to engage in discovery on the merits. According to the Court:

> To undertake a consideration of the merits of the action is to assume, even temporarily, that there will be no transfer before the transfer issue is decided. Judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected and such consideration additionally requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering it in two courts.

*Id*. at 31 ("only if the court should deny the motion to transfer should discovery be permitted to go forward").

In light of *McDonnell Douglas*, Yodlee respectfully requests that the Court hear oral argument on and decide the pending motion for transfer before discovery is permitted to go forward in this action.

Very truly yours,

*/s/ William J. Marsden, Jr.*

William J. Marsden, Jr.


WJM:jrm

cc    Arthur G. Connolly, III (via ECF and hand delivery)
      Drew M. Wintringham (via first class mail)