IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CASHEDGE, INC.,                          :
                                         :
          Plaintiff,                     :
                                         :
     v.                                  :
                                         : Civil Action No. 06-170-JJF
YODLEE, INC.,                            :
                                         :
          Defendant.                     :

---

Arthur G. Connolly, III, Esquire, of CONNOLLY BOVE LODGE & HUTZ
LLP, Wilmington, Delaware.
Of Counsel: Drew M. Wintringham, III, Esquire, and Mark W. Rueh,
Esquire, of CLIFFORD CHANCE ROGERS & WELLS LLP, New York City,
New York.
Attorneys for Plaintiff.

William J. Marsden, Jr., Esquire, and Kyle Wagner Compton,
Esquire, of FISH & RICHARDSON, P.C., Wilmington, Delaware.
Of Counsel: David M. Barken, Esquire, and Craig R. Compton,
Esquire, of FISH & RICHARDSON, P.C., Redwood City, California.
Attorneys for Defendant.

---

**MEMORANDUM OPINION**

July 19, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Defendant's Motion To Transfer (D.I. 12).  For the reasons discussed, the Motion will be granted.

I. BACKGROUND

Plaintiff was issued United States Patent No. 7,013,310 ("the '310 patent"), entitled "Method And Apparatus For Retrieving And Processing Data" on March 14, 2006.  That same day, Plaintiff filed its Complaint in this Court, alleging infringement of the '310 patent.  (D.I. 1).  Defendant filed its Answer and Counterclaim on April 4, 2006, and stated its intent to file a motion to transfer.  (D.I. 5).  On May 4, 2006, Defendant filed its Motion to Transfer.  (D.I. 12).

Defendant's Motion to Transfer is based on a pending action in the Northern District of California, Case No. C-05-1550-SI. On April 14, 2005, Defendant filed a patent infringement action in the Northern District of California, alleging that Plaintiff infringed several of its U.S. Patents.  In response, Plaintiff filed an action in the same court, seeking a declaratory judgment of non-infringement, invalidity, and unenforceability of the patents asserted in Defendant's case and additional patents. Those two actions were consolidated into one nine-patent case ("the California action").  The California court conducted a Markman hearing on April 26, 2006.

1

## II. PARTIES' CONTENTIONS

By its Motion, Defendant contends that, pursuant to 28 U.S.C. § 1404(a), the Court should transfer this action to the Northern District of California.  In support of this contention, Defendant argues that Plaintiff's allegations of infringement of the '310 patent are related to the allegations in the California action.  Further, Defendant contends that certain patents in the California action are prior art to Plaintiff's '310 patent and form the basis of Defendant's inequitable conduct defense.[1]  In response, Plaintiff contends that the Court should deny the Motion because Plaintiff chose Delaware, the California action is unrelated, and judicial economy would not be served by transfer.

## III. DISCUSSION

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a). Since it is undisputed that Plaintiff could have brought the instant action in the Northern District of California, the Court's only task is to determine whether the factors enumerated in Section 1404(a) warrant a transfer under the circumstances.

_____

[1] Defendant alleges that, at a minimum, United States Patent Nos. 6,317,783 ("the '783 patent"), 6,199,077 ("the '077 patent"), and 6,412,073 ("the '073 patent") are material prior art to Plaintiff's '310 patent.  (D.I. 5 at ¶ 23).

The Third Circuit has set forth a list of factors for
district courts to consider when deciding whether or not to
transfer venue. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-
80 (3d Cir. 1995). These factors include six private interests:
(1) the plaintiff's forum preference as evidenced by his or her
original choice, (2) the defendant's preference, (3) whether the
claim arose elsewhere, (4) the convenience of the parties due to
their relative physical and financial condition, (5) the
convenience of the expected witnesses, but only so far as the
witnesses might be unavailable for trial if the trial is
conducted in a certain forum, and (6) the location of books and
records, to the extent that the books and records could not be
produced in a certain forum. Id. at 879. The factors also
include six public interests for courts to consider: (1) the
enforceability of the judgment, (2) practical considerations
regarding the ease, speed, or expense of trial, (3) the
administrative difficulty due to court congestion, (4) the local
interest in deciding local controversies in the home forum, (5)
the public policies of the two fora, and (6) the trial judge's
familiarity with the applicable state law in diversity cases.
Id. at 879-80. District courts must balance all of the relevant
factors and determine whether a transfer of venue would best
serve all the aforementioned interests. Id. at 883. The burden
is on the movant to establish that the balance of the interests
weighs in favor of the requested transfer, and a transfer will be

3

denied if the factors are evenly balanced or weigh only slightly in favor of the transfer. Continental Cas. Co. v. Am. Home Assurance Co., 61 F. Supp. 2d 128, 131 (D. Del. 1999).

A.    **PRIVATE INTERESTS**

Although the plaintiff's choice of forum is entitled to substantial deference and should not be lightly disturbed, Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1920), when the plaintiff lacks a rational and legitimate reason to litigate in the forum, the transfer of a case to a more appropriate forum is less inconvenient. Brunswick Corp. v. Precor Inc., 2000 U.S. Dist. LEXIS 22222, at *7 (D. Del. Dec. 12, 2000); See Waste Distillation Tech., Inc. v. Pan Am. Res., Inc., 775 F. Supp. 759, 764 (D. Del. 1991). A corporation's decision to incorporate in a particular state is a rational and legitimate reason to choose to litigate in that state. Stratos Lightwave, Inc. v. E2O Communs., Inc., 2002 U.S. Dist. LEXIS 5653, C.A. No. 01-309 JJF, at *7 (D. Del. March 26, 2002). Accordingly, the first factor weighs against transfer, and Defendant must demonstrate that the other Jumara factors strongly favor a transfer to California.

The Court concludes that the other private interest factors weigh in favor of transfer. Here, both parties are Delaware corporations with principal places of business outside Delaware. Plaintiff is headquartered in New York City, and Defendant is headquartered in Redwood City, California. Both parties maintain offices in the Northern District of California. Also, there are

4

likely witnesses, such as former employees, that still reside in
the Northern District of California.  The location of books and
records is neutral as neither party has argued that it would be
unable to produce documents in either forum.

Importantly, the same parties are currently litigating in
the Northern District of California.  Although the Court
understands that the California action and this action are
different,[2] the technologies at issue all relate to data
extraction, retrieval, or presentation through Internet
technologies, such as web sites and web pages.  The Northern
District of California is more convenient for the parties because
the parties and potential witnesses are located in that district,
the parties have proven capable to litigate there, and the court
is already familiar with the parties and their technologies.

B.   PUBLIC INTERESTS

The Court also concludes that the public interest factors
weigh in favor of transfer.  Where related lawsuits exist, "it is
in the interests of justice to permit suits involving the same
parties and issues to proceed before one court."  Brunswick, 2000
U.S. Dist. LEXIS 22222, at *8.  Factors supporting a decision to
transfer include whether the litigation in the target forum

_____

[2] This action requires claim construction of the claim
language of the '310 patent, which is not part of the California
action.  However, Defendant's patents-in-suit in the California
action are relevant to its defenses and counterclaim in this
action.

involves: (1) the same parties, (2) related or similar technologies for the judge to become familiar with, and (3) a common field of prior art.

In this case, judicial efficiency regarding the ease, speed, or expense of trial strongly weigh in favor of transfer.  The California action involves the same parties, similar technologies, and related patents-in-suit.  The parties in the California action have already conducted a two-hour technology tutorial on April 19, 2006, argued Markman issues in nine patents on April 26, 2006, and commenced discovery on seemingly related products and technologies.  Additionally, the Court concludes that public interests such as enforceability of the judgment, familiarity with state law in diversity actions, local interests in deciding local controversies, and court congestion are neutral or non-applicable factors in this case.  Jumara, 55 F.3d at 879-880.  Accordingly, the interests of judicial efficiency and justice are best served by transferring this case to the Northern District of California.

## IV. CONCLUSION

In sum, for the reasons discussed, the Court concludes that the balance of the private and public interest factors support transferring this case to the Northern District of California where related litigation is pending.  Accordingly, the Court will grant Defendant's Motion To Transfer (D.I. 12).

An appropriate Order will be entered.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CASHEDGE, INC.,                           :
                                          :
           Plaintiffs,                    :
                                          :
     v.                                   :
                                          : Civil Action No. 06-170-JJF
YODLEE, INC.,                             :
                                          :
           Defendants.                    :

ORDER

At Wilmington, the $\underline{19}$ day of July 2006, for the reasons

set forth in the Memorandum Opinion issued this date;

     IT IS HEREBY ORDERED that the Defendant's Motion To Transfer

(D.I. 12) is **GRANTED**.

_____
UNITED STATES DISTRICT JUDGE