UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CASHEDGE, INC, | ) |
| Plaintiff | ) ) ) ) |
| v. | ) C. A. No. 06-170-JJF |
| YODLEE, INC., | ) ) ) |
| Defendant. | ) ) ) ) ) |

**CASHEDGE, INC'S MOTION FOR RECONSIDERATION OF THE
COURT'S ORDER TO TRANSFER**

Plaintiff CashEdge, Inc. ("CashEdge") hereby requests reconsideration of the Court's Order and Memorandum Opinion granting Defendant Yodlee Inc.'s Motion To Transfer. In this district, motions for reconsideration may be granted "if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning but of apprehension." *Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*, 325 F.Supp.2d. 457, 459 (*quoting Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990)).

CashEdge respectfully submits that the Court misapprehended the relationship between the patent at issue in the present case and the patents at issue in the Northern District of California action ("the California action") and the nature of the technology involved in these two actions. CashEdge respectfully submits that this apparent misapprehension led to the incorrect conclusion that judicial efficiency regarding the ease, speed, or expense of trial weigh "strongly"

in favor of transfer. Memorandum Opinion at 6. Specifically, the Court's opinion noted that factors supporting a decision to transfer include, *inter alia*, "whether the litigation in the target forum involves ... a common field of prior art" and further concluded that the judicial efficiency weighed strongly in favor of transfer in part because the California action involves "related patents-in-suit." *Id.* at 5-6.

CashEdge respectfully submits that the '310 patent asserted in the present action is not related to the Yodlee patents asserted in the California action. The CashEdge '310 patent is not in the same patent family of any of the Yodlee patents asserted in the California action but involves an altogether different invention. Specifically, none of the Yodlee patents asserted in the California action teach or even suggest the methods for updating the manner in which data is extracted from web pages through the use generating context-specific error codes if a data harvesting script fails to successfully extract data from the web page and adapting the data harvesting script based on identified changes to web pages as claimed in the '310 patent. Rather, the Yodlee patents at most merely relate to data aggregation concepts generally or ancillary features thereof that have nothing to do with the problem solving techniques for adapting data harvesting scripts based on context specific-error codes. *See* CashEdge Opp. Brief at 7-8. Thus, the basis for transfer in the present action is entirely different from a situation in which one or more of the asserted patents is being asserted in a prior separate action outside this district.[1]

Moreover, because the '310 patent and the Yodlee patents are unrelated and claim different technologies, CashEdge respectfully submits that they do not involve "a common field

---

[1] CashEdge acknowledges that the Court recognized that the '310 patent is not part of the California action but respectfully disagrees with the Court's characterization of the '310 patent as a "related patent" which typically would mean that it was part of the same patent family as (i.e., claims priority to) the Yodlee patents through a common disclosure and at least one overlapping inventor.

of prior art" as noted by the Court. Although Yodlee has alleged that some of the Yodlee patents asserted in the California action may be prior art to the CashEdge '310 patent, Yodlee has made no showing of any common prior art that is relevant to both actions. As a result, CashEdge respectfully requests that the Court reconsider the factors which led it to conclude that judicial efficiency weighs strongly in favor of transfer.

Finally, CashEdge respectfully requests that the Court reconsider its finding that the Court should transfer this action to the Northern District of California in view of its determination that "the first factor weighs against transfer, and Defendant must demonstrate that the other *Jumara* factors strongly favor a transfer to California." Memorandum Opinion at 4 (emphasis added). CashEdge submits that the Court's findings do not demonstrate that the other *Jumara* factors weigh strongly in favor of transfer, but instead show that the factors are neutral or at best only weigh slightly in favor of transfer.[2] Specifically, of the various *Jumara* factors identified by the Court, only the convenience of the parties and witnesses and practical considerations concerning the ease, speed, or expense of trial (addressed above) were identified as factors favoring transfer. Memorandum Opinion at 3-5.

With regard to convenience of the parties and witnesses, CashEdge submits that the District of Delaware is a more convenience location for CashEdge which is headquartered in New York and whose trial counsel is located in New York. Further, Yodlee has identified only one potential witness as possibly residing within the Northern District of California, whereas CashEdge has identified that three of the four inventors of the patent-in-suit reside in New York or Connecticut, much closer to the District of Delaware than California. Thus, CashEdge

---

[2] As the Court noted, "[A] transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer." Memorandum Opinion at 3-4.

respectfully submits that the convenience of the parties and witnesses does not weigh "strongly" in favor of transfer but is neutral or at best only weighs slightly in favor of transfer. Therefore, CashEdge respectfully submits that Yodlee has not carried its burden of demonstrating that the other *Jumara* factors weigh strongly in favor of transfer and therefore requests reconsideration of the Court's Order granting Defendant Yodlee Inc.'s Motion To Transfer.

Dated: August 1, 2006               CONNOLLY BOVE LODGE & HUTZ LLP


                                    /s/Arthur G. Connolly, III
                                    Arthur G. Connolly, III (No. 2667)
                                    The Nemours Building
                                    1007 North Orange Street
                                    Wilmington, Delaware 19899-2207
                                    (302) 658-9141

                                    Attorneys for Plaintiff



OF COUNSEL:

Drew M. Wintringham, III
Mark W. Rueh
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019 6131
(212) 878-8000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 1, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following counsel of record:

William J. Marsden, Jr., Esq.
Kyle Wagner Compton, Esq.
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19899

I FURTHER CERTIFY that on August 1, 2006 a copy of the foregoing document was served upon the following counsel in the manner indicated:

<u>By Federal Express</u>:
David M. Barkan, Esq.
Craig R. Compton, Esq.
Fish & Richardson, P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

                                        /s/Arthur G. Connolly, III
                                        Arthur G. Connolly, III (#2667)

#460674_1