IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CASHEDGE, INC.,

                Plaintiff,

      v.

YODLEE, INC.,

                Defendant.

C.A. No. 06-170-JJF

**[PROPOSED] ORDER**

    The Court, having considered plaintiff CashEdge, Inc.'s Motion for Reconsideration, and having considered the parties' arguments with regard to that motion, rules as follows:

    IT IS HEREBY ORDERED this _____ day of _____, 2006 that plaintiff CashEdge, Inc.'s Motion for Reconsideration is DENIED.

_____

United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CASHEDGE, INC.,

        Plaintiff,

    v.

YODLEE, INC.,

        Defendant.

C.A. No. 06-170-JJF

## YODLEE, INC.'S OPPOSITION TO CASHEDGE, INC.'S
## MOTION FOR RECONSIDERATION

On August 1, 2006, plaintiff CashEdge, Inc. filed a Motion for Reconsideration of the Court's Order and Memorandum Opinion granting defendant Yodlee, Inc.'s Motion to Transfer and transferring its patent infringement action to the Northern District of California, where earlier-filed, related litigation between the same parties is pending. As an initial matter, CashEdge's motion is moot because this case has already been transferred to the Northern District of California. Civil Action No. 06-170-JJF was closed on July 19, 2006 and transferred to the Northern District of California by way of a letter filed July 27, 2006. *See* D.I. No. 29. There is simply no case pending between CashEdge and Yodlee in Delaware, and for this reason, CashEdge's Motion for Reconsideration should be denied as moot.

Even if the Court elects to consider CashEdge's motion, it should be denied. CashEdge makes two unpersuasive arguments: 1) that the Court misapprehended factual matters by incorrectly concluding that CashEdge's '310 patent, which relates to data extraction and includes an error handling feature, is related to the technology at issue in the Northern District, which also relates to data extraction; and 2) that the Court did not

properly weigh the factors for transfer, failing to take into account that Delaware is allegedly more convenient for some of the witnesses.

CashEdge cites *Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*, 325 F.Supp.2d 457 (D.Del. 2004), arguing that the Court misapprehended the relationship between its '310 patent and the patents at issue in the Northern District action. But as the *Callaway Golf* decision makes clear, "[m]otions for reconsideration should be granted only **sparingly**." *Id.* at 459 (quotations omitted) (emphasis added). More specifically, a motion for reconsideration should be granted "only when: (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was not available to the moving party at the time of judgment; or (3) there is a need to correct a legal or factual error which has resulted in a manifest injustice." *Id.* (citing *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The Court's alleged errors of misapprehension do not warrant reconsideration under any of the applicable scenarios, and CashEdge does not argue otherwise. Accordingly, just as the *Callaway Golf* Court <u>denied</u> the motion for reconsideration, the Court should deny CashEdge's motion for reconsideration here.

CashEdge first argues that "the '310 patent asserted in the present action is not related to the Yodlee patents asserted in the California action." *See* CashEdge's Motion for Reconsideration, D.I. No. 30, at 2. CashEdge's theory is that because the '310 patent discloses an error-handling feature designed to improve the extraction of data from web pages, it is "unrelated" to the nine patents claiming various methods for data extraction from web pages that are at issue in the California action. CashEdge's self-serving characterization of the technology at issue does nothing to show the Court made any error in granting the motion to transfer. CashEdge does not, and cannot, dispute that its patent is necessarily built on the same data extraction technology at issue in the California action — particularly since it went out of its way to emphasize the importance of data

2

extraction to its claims during prosecution of the '310 patent. *See* Yodlee's Reply Brief in Support of its Motion to Transfer, D.I. No. 22, at 4-5.

Moreover, the substantial similarity between the disclosed technologies is illustrated by common descriptive language in the specifications of the patents themselves, *id.* at 3, and at least one identical claim term, *id.* at 4-5 and 9. The record also shows that some of Yodlee's asserted patents were prior art to the '310 patent, and known to CashEdge but not disclosed to the U.S. Patent Office prior to the issuance of that patent. *Id.* at 3-4 and 9-10. The close relationship between the error handling improvement and the nine patents at issue in the California action is further confirmed by the subsequent prosecution of continuation applications based on those patents. Yodlee filed a patent application in 2000 — a continuation-in-part of one of the asserted California patents — which expressly discloses error handling. *Id.* at 9.

Finally, CashEdge ignores entirely the fact that Yodlee's core platform, which CashEdge alleges infringes its '310 patent, also embodies Yodlee's asserted patents. *Id.* at 6. The Court's Order granting the motion to transfer correctly described the substantial similarity between the '310 patent and the asserted Yodlee patents, and correctly concluded that both the Delaware and California actions involve the same field of technology, the same products, and overlapping prior art. CashEdge's motion for reconsideration falls far short of the standard supporting reconsideration and should be denied.

CashEdge next argues that the Court failed to consider convenience to its witnesses and wrongly concluded that private interest factors "strongly" favored transfer. According to CashEdge, litigation in Delaware is warranted because three of the four inventors of its '310 patent reside in New York or Connecticut. However, as CashEdge correctly noted in its Brief in Opposition to Yodlee's Motion to Transfer, "witnesses who are employed by a party carry no weight in the 'balance of convenience' analysis." D.I. No. 19, at 14 (quoting *Affymetrix, Inc. v. Synteni, Inc.*, 28 F.Supp.2d 192, 203 (D.Del.

1998)).  CashEdge criticizes Yodlee for having identified only one inventor of the '310

patent who resides in California, yet CashEdge itself has identified only one relevant

witness, allegedly residing in Connecticut, for whom litigation in Delaware would be

more convenient, because two of the three inventors are CashEdge employees (Sanjeev

Dheer and Jeremy Sokolic are, respectively, the CEO and President and Vice President of

Product Management of CashEdge).  In contrast, all of Yodlee's witnesses are located in

the Northern District of California.

   Furthermore, many of CashEdge's relevant documents are in California.

CashEdge's Initial Disclosures indicated that its technical documents are located in its

San Jose office: "[t]he following categories of documents, data compilations, and

tangible things are in the possession, custody and control of CashEdge primarily at

CashEdge's location in San Jose, CA: software user manuals, source code, software

architectural and design documents…"  [Ex. A at 3.][1]

   CashEdge also reads too much into the Court's use of the word "strongly" in its

Memorandum Opinion.  As this Court noted in *Thermo Remediation, Inc. v. Recycling

Sciences Int'l, Inc.*, "the use of words 'tip,' 'weighs,' or 'strongly favors' is a semantic

preference and certainly not determinative of whether the Court applied the correct legal

standard."  C.A. No. 95-51-JJF at 2 (D.Del. Dec. 14, 1995) [Ex. B].  The Court in that

case granted a motion to transfer a patent infringement action to a jurisdiction where an

earlier-filed, related action between the same parties was pending, but denied a motion

for reconsideration, noting that "a plain reading of the Court's Memorandum Opinion

demonstrates the Court understood the correct legal standard for transfer and applied it

correctly."  The same is true here.  The Court understood the standard for transfer and

applied it correctly.  Accordingly, CashEdge's motion for reconsideration should be

denied.

---

[1] Exhibits are attached to the declaration of Kyle Wagner Compton.

Finally, the Court's grant of Yodlee's motion to transfer has not "resulted in a manifest injustice," which, under *Callaway Golf*, would warrant reconsideration. Litigating this action in the Northern District of California does not deprive CashEdge of any substantive right or subject it to any manifest injustice. At worst, CashEdge will have its day in court and present its case in a competent jurisdiction, well-versed in patent law, where CashEdge maintains an office, where another related patent infringement action between the parties is already pending, and where CashEdge itself has filed an action for declaratory relief regarding some of Yodlee's patents. Because the Court's grant of transfer did not result in manifest injustice to CashEdge, and for all of the reasons set forth above, the Court should deny CashEdge's motion for reconsideration.

Dated: August 9, 2006                    FISH & RICHARDSON P.C.

By: _____
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070

David M. Barkan (CA Bar #160825)
Craig R. Compton (CA Bar #215491)
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070

Attorneys for Defendant
YODLEE, INC.

5

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2006, I electronically filed with the Clerk of the

Court **YODLEE, INC.'S OPPOSITION TO CASHEDGE, INC.'S MOTION FOR**

**RECONSIDERATION** using CM/ECF which will send electronic notification of such

filing(s) to the following Delaware counsel.  In addition, the filing will also be sent via

hand delivery:

Arthur G. Connolly, III, Esquire                 *Attorneys for Plaintiff*
Connolly Bove Lodge & Hutz LLP                   *CashEdge, Inc.*
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899


I hereby certify that on August 9, 2006, I have mailed by Federal Express

Overnight Mail, the document(s) to the following non-registered participants:

Drew M. Wintringham, Esquire                     *Attorneys for Plaintiff*
Mark Rueh, Esquire                               *CashEdge, Inc.*
Clifford Chance US LLP
31 West 52nd Street
New York, NY  10019-6131


                                                 */s/ Kyle Wagner Compton*
                                                 Kyle Wagner Compton