IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF DELAWARE

CASHEDGE, INC.,                    :
                                   :
        Plaintiff,                 :
                                   :
    v.                             : Civil Action No. 06-170-JJF
                                   :
YODLEE, INC.,                      :
                                   :
        Defendant.                 :

                          MEMORANDUM ORDER

    Pending before the Court is Plaintiff's Motion For Reconsideration Of The Court's Order To Transfer To The Northern District Of California (D.I. 30).  For the reasons discussed, the Motion will be denied.

I.  BACKGROUND

    On May 4, 2006, Defendant filed a Motion To Transfer To The Northern District Of California arguing that a related dispute pending in California warranted a transfer for the convenience of the parties and to further the interests of justice (D.I. 12). The Court granted Defendant's Motion To Transfer, concluding that the balance of the private and public interest factors of Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995) supported transfer (D.I. 27).  Plaintiff subsequently filed its Motion For Reconsideration (D.I.  12).

II. PARTIES' CONTENTIONS

    By its Motion, Plaintiff contends that the Court misapprehended the patent at issue in this case, the patents at issue in the California action, and the nature of the technology

involved. Plaintiff contends the patents and the technologies are not related, and thus, judicial efficiency is not served by the transfer. Plaintiff further contends the other private and public interest factors considered by the Court do not weigh strongly in favor of transfer.

Defendant contends that, as an initial matter, Plaintiff's motion is moot because the case has already been transferred to the Northern District of California. Defendant further contends Plaintiff's arguments in favor of reconsideration are unpersuasive. According to Defendant, the Court correctly concluded the patents at issue are similar and involve the same field of technology. Defendant further contends the balance of private and public interest factors favors transfer.

### III. DISCUSSION

As a general rule, motions for reconsideration should be granted sparingly. The purpose of granting motions for reconsideration is to correct manifest errors of law or fact, present newly discovered evidence, or to prevent manifest injustice.

The Court concludes that Plaintiff has not identified an error of fact or law, nor did the Court overlook facts or precedent that would alter the result of its decision. Rather, Plaintiff merely reiterates arguments it already made in opposition to the Motion To Transfer, specifically, that the

2

patents and technologies implicated in the pending actions are not related and that the interests of justice do not favor transfer.

However, consideration of the abstract of the CashEdge United States Patent No. 7,013,310 ("the '310 patent") reveals it is a method for retrieving and processing website data, referred to by the Plaintiff in its motion as "data extraction." Likewise, consideration of the Yodlee patents (No. 6,317,783 and No. 6,199,077), claimed by Defendant to be prior art to the '310 patent (D.I. 27, p.2 n.2), reveal they also involve retrieval of information from websites. However, in its motion, Plaintiff attempts to distinguish these as "data aggregation" techniques.

In the Court's view, the distinction Plaintiff attempts to make is semantical, and the patents at least appear to incorporate related technology. That the same parties are involved in pending litigation in California regarding several patents and products tends to suggest related technologies are implicated. Thus, the issue of relatedness is better addressed by the Northern District of California, which has already received a two-hour technology tutorial in the pending litigation.

More importantly, the relatedness of the patents is less relevant to this Court since the other factors discussed in the Court's decision on the Motion To Transfer (D.I. 27) weigh

strongly in favor of transfer. Further, Plaintiff has not presented any newly discovered evidence or presented evidence of manifest injustice related to the order to transfer to the Northern District of California. Therefore, the Court concludes that reconsideration is not warranted.[1] Accordingly, the Court will deny the Motion For Reconsideration.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED this 30 day of August, 2006, that CashEdge's Motion For Reconsideration Of The Order To Transfer To The Northern District of California (D.I. 30) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Defendant also contends Plaintiff's Motion is moot because the case was already transferred to the Northern District of California. The Court will not address this issue because Defendant is not prejudiced by the denial of the Motion For Reconsideration.